Order of the Appellate Term reversed on the law and the facts, judgment of the Municipal Court vacated, and a new trial ordered, with costs in this court and in the Appellate Term to abide the event. In this action "to recover alleged overtime compensation, etc., under the Pair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 et seq.) the fact that the defendant was engaged in the production of goods both for intrastate and interstate commerce does not mean that the plaintiff was necessarily engaged in interstate commerce, and the applicability of the act to him is dependent upon the character of his work. (Mabee V. White Plains Pub. Co., 327 U. S. 178; Kirschbaum Co. v. Whiling. 316 U. S. 617; Walling v. Jacksonville Paper Co., 317 U. S. 564.) The burden of proof was upon the plaintiff. The plaintiff was not engaged in production. He was a mechanic, employed in a garage operated by defendant and engaged in the maintenance and repair of trucks of the defendant, which were used for the transportation of its product. Whether the plaintiff was engaged in interstate commerce depended upon the use of such trucks in interstate commerce. There is no satisfactory evidence in the record to show that any of the trucks upon which the plaintiff worked were ever used for deliveries outside of the State of New York, or were otherwise used in interstate commerce. The suggestion of defendant that plaintiff could not recover under the Pair Labor Standards Act because he would be within the Interstate Commerce Act, Part II, (U. S. Code, tit. 49, § 304, subd. [a], pars. [l]-[3]) was not presented at the trial and has not been adequately briefed or argued upon this appeal. This court expresses no opinion with respect to that question, upon which it has been held in at least one case that the defendant has the burden of proof as to the applicability of the exception. (Crean v. M. Moran Transp. Lines, 57 P. Supp. 212; see, also, Fletcher v. Grinnell Bros., 150 P. 2d 337.) Hagarty, Acting P. J., Carswell, Johnston, Aldrich and Nolan, JJ., concur.